[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is a petition requesting habeas corpus relief from purportedly illegal detention resulting from convictions for murder and manslaughter first degree for which the petitioner received concurrent sentences of thirty years and twenty years confinement, respectively. The basis for the petitioner's claim of illegal detention is that the sentencing judge rejected the plea agreement reached between the petitioner and the prosecuting authority and imposed CT Page 7140 sentences which exceeded those agreed upon in exchange for the petitioner's guilty pleas.
On July 6, 1986, the petitioner appeared before Judge S. Freedman and entered guilty pleas on a substituted information to charges of murder and manslaughter first degree (Petitioner's Exhibit A, pp. 5 and 6). The prosecutor informed Judge Freedman that a plea agreement had been reached whereby the petitioner would plead guilty to the charges in the substituted information in exchange for the prosecutor's recommendation at the time of sentencing of sentences of thirty years incarceration for the murder charge and fifteen years incarceration for the manslaughter first degree charge, concurrent, for a total effective sentence recommendation of thirty years incarceration (Petitioner's Exhibit A, pp. 21 and 22). After a finding that these guilty pleas were entered into by the petitioner intelligently and voluntarily and an acceptance of the pleas, the case was continued for sentencing to July 18, 1986.
On July 18, 1986, the petitioner appeared before Judge Nigro for sentencing. Judge Nigro was informed by both the prosecutor and petitioner's counsel that the agreed recommendation was for a total effective sentence of thirty years to serve (Petitioner's Exhibit B, pp. 3 and 5). Neither party informed Judge Nigro more particularly regarding the recommended sentences. Judge Nigro stated that he would impose the sentence that was "recommended and agreed to," (Petitioner's Exhibit B, p. 8). He imposed a sentence of thirty years confinement on the murder charge and twenty years confinement on the manslaughter first degree count, concurrent, for a total effective sentence of thirty years confinement (Petitioner's Exhibit B, p. 9).
Neither the petitioner nor his attorney objected to the sentence as imposed, nor did they ever request to withdraw the pleas of guilty pursuant to Connecticut Practice Book Section 719 et seq. No appeal of the convictions was taken, and the petitioner proceeded to serve his sentence.
Years later, a fellow inmate perused the transcripts of the petitioner's plea and sentencing proceedings and informed the petitioner of the discrepancy between the recommendation of June 6, 1986, and the sentences imposed on July 18, 1986. Upon receiving this information, the petitioner filed this CT Page 7141 habeas corpus action.
The petitioner concedes that any difference between sentences of thirty years with fifteen years incarceration, concurrent, and thirty years with twenty years incarceration, concurrent, adds no jail time to the petitioner's confinement, nor does it affect the dates when the petitioner might become eligible for release programs. He does contend, however, that the discrepancy might become significant if, for some reason to be discovered in the future, the murder conviction, or sentence therefor, were to be overturned. Also, the longer concurrent sentence might have a subtle, psychological effect on any authority considering the granting or denial of a release program for the petitioner, such as a parole or pardon board.
 A.
The court first addresses the issue of whether the "cause and prejudice" standard of reviewability applies to the petitioner's failure to raise the claim he now presents in this habeas action, i.e. that the sentencing judge violated Connecticut Practice Book Section 698, through a procedural device available to him at the time the sentence was imposed, viz. moving to withdraw his pleas under Connecticut Practice Book Section 721(3). Neither party addressed this issue in their pleadings. The respondent orally raised the issue of procedural default during the habeas hearing and in argument.
Our Supreme Court, in Johnson v. Commissioner, 218 Conn. 403
(1991), adopted the "cause and prejudice" standard first explicated by the U.S. Supreme Court in Wainwright v. Sykes,433 U.S. 72 (1977). The "cause and prejudice" standard of reviewability requires that before a habeas petitioner is entitled to have the habeas court review a claim of legal defect alleged to have occurred at his trial, to which defect the petitioner failed to raise an objection at the trial level despite the availability of procedural recourse to make such a claim, the petitioner must demonstrate both good cause to excuse his procedural default and prejudice to his case resulting from the purported illegality.
It is clear that the burden of proof on this issue is on the petitioner, Johnson v. Commissioner, supra, p. 419, where CT Page 7142 the Court stated, "[u]nless the petitioners can satisfy that standard, they are not entitled to review of their claims on the merits." It is not so clear, however, as to which party has the burden of raising the issue of procedural default in the first instance and as to the proper method for raising the issue.
This court, in Acquin v. Warden, no. 639, decided July 14, 1992, has held that, although the petitioner has the burden of proving cause and prejudice, that burden does not arise until the respondent raises a claim of procedural default. In that decision, however, this court did not address the manner in which the respondent must raise the claim of procedural default.
The petitioner argues that the respondent has failed to raise the claim of his procedural default in the respondent's pleading, viz. the return. This court agrees.
It should be noted that in Johnson v. Commissioner, supra, the respondent in that case specifically pleaded the procedural default of the petitioners in paragraph 8 of its return to the habeas petitions filed. So it was unnecessary for our Supreme Court to speak to this issue in that case.
A commentator on federal habeas corpus practice has offered an opinion that federal habeas petitioners need not respond to procedural default issues until "the respondent has pleaded and proved that a default occurred," Liebman, Federal Habeas Corpus Practice and Procedure, 1988, Section 24.5e, p. 361. That commentator finds support for this position in the case of Engle v. Isaac, 456 U.S. 107 (1982), p. 124, fn. 6, where the U.S. Supreme Court opined that in "some cases a State's plea of default, may come too late to bar consideration of the prisoner's constitutional claim," (emphasis added).
Practice Book Section 533 describes the "return" which is the respondent's pleading in reply to the habeas petition. That section dictates that "[t]he return shall set forth the facts which are claimed to justify the detention." In this case, the respondent is claiming that the petitioner's incarceration is justified because he failed to utilize Connecticut Practice Book Section 721(3) to withdraw his guilty pleas. This claim of procedural default ought to have CT Page 7143 been raised in the respondent's return, rather than during the hearing itself.
Requiring the respondent to raise this issue in its return has practical benefits. It would curtail mid-hearing requests for continuances to prepare for unanticipated claims of procedural default. Also, certain aspects of the case might be resolved on the pleadings in appropriate cases.
Even though the facts of this case may very well indicate that, had the claim of procedural default been raised in the respondent's return, the petitioner could not have sustained its burden of establishing cause and prejudice and would have been barred from having this court review his claim, the absence of such a plea precludes the court from engaging in the cause and prejudice analysis with respect to the petitioner's claim.
 B.
Turning to the merits of the petitioner's claim, the court finds that the petitioner has failed to meet his burden of proving the allegations of his petition by a preponderance of the evidence.
Paragraphs 9, 10, and 11 of the petition allege that the sentencing judge violated Connecticut Practice Book Section 698, thereby rendering the petitioner's confinement illegal. Section 698 sets forth the duties of a sentencing judge who has decided to reject a plea agreement. In this event, the sentencing judge must advise the accused of this rejection and allow the accused an opportunity to withdraw his plea.
In the instant case, there is no evidence that the sentencing judge ever rejected the plea agreement, as it was stated to him, expressly or implicitly. Judge Nigro was informed by both the prosecutor and defense counsel that the plea agreement was a recommendation of a total effective sentence of thirty years confinement. Judge Nigro expressly accepted the recommendation stating, "I want to impose the sentence recommended and agreed to," (Petitioner's Exhibit B, p. 8). The sentencing judge then proceeded to impose exactly the sentence recommended to him by both parties (Petitioner's Exhibit B, pp. 8 and 9). CT Page 7144
This court specifically finds that, at the time of sentencing, neither the petitioner nor his trial attorney regarded the sentence imposed as a material departure from the sentence agreed to. This court also finds that, despite the discrepancy between the sentence imposed by Judge Nigro and that discussed with the petitioner during the plea canvass by Judge Freedman, the plea agreement was fulfilled to the petitioner's satisfaction, if not to the letter.
Because Judge Nigro did not reject the agreement, the duties prescribed by Connecticut Practice Book Section 698 did not come into play and that section was not violated. Therefore, no judicial obligation to afford the petitioner an opportunity to withdraw his plea arose. Although the petitioner might have requested to withdraw his plea under Connecticut Practice Book Section 721(3), he elected not to do so. Also, the petition alleges no abuse of judicial discretion by failing to grant such a request under Connecticut Practice Book Section 721, rather it alleges only a violation of the duties arising under Connecticut Practice Book Section 698. Having found that the plea agreement was accepted, and not rejected, by the sentencing judge, and the agreement was substantially satisfied, the essential allegation of the petition remains unproved.
For the above reasons, the petition is dismissed.
BY THE COURT,
Samuel J. Sferrazza Judge, Superior Court